**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

CENTRAL LABORERS' PENSION FUND,
CENTRAL LABORERS' WELFARE FUND,
CENTRAL LABORERS' ANNUITY FUND,
ILLINOIS LABORERS AND CONTRACTORS JOINT APPRENTICESHIP & TRAINING TRUST FUND,
NORTH CENTRAL LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST,
ILLINOIS VALLEY CONTRACTORS INDUSTRY ADVANCEMENT FUND,
CENTRAL ILLINOIS LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST,
GREAT PLAINS LABORERS' VACATION FUND,
and the GREAT PLAINS LABORERS' DISTRICT COUNCIL WORKING DUES CHECK OFF FUND

Plaintiffs,

v.

**21-Cv-50224**

PORTER BROTHERS CONSTRUCTION, INC.,
a/k/a PORTER BROTHERS ASPHALT & SEALING, INC.
an Illinois corporation, and
MATTHEW PORTER, individually,

Defendant(s).

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants PORTER BROTHERS CONSTRUCTION, INC. and MATTHEW PORTER, as follows:

## COUNT I

against
PORTER BROTHERS CONSTRUCTION, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. PORTER BROTHERS CONSTRUCTION, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). PORTER BROTHERS CONSTRUCTION, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. PORTER BROTHERS CONSTRUCTION, INC. has had the prior corporate names and also been known as: (1) PORTER BROTHERS ASPHALT & SEALING, INC., (2) PORTER

BROTHERS ASPHALT & CEILING, INC., and (3) PORTER BROTHERS PAVING & CEILING, INC.

7. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of one or more such collective bargaining agreements are attached as *Exhibit A*. No party has terminated the collective bargaining agreements and they remain in effect.

8. By virtue of certain provisions contained in the collective bargaining agreement(s), PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

9. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. No party has terminated the collective bargaining agreements and they remain in effect.

10. By virtue of certain provisions contained in the participation agreement(s), PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

11. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

12. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its

withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

13. PORTER BROTHERS CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

14. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, PORTER BROTHERS CONSTRUCTION, INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, PORTER BROTHERS CONSTRUCTION, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

15. Based on employer reports, PORTER BROTHERS CONSTRUCTION, INC. failed and refused to pay all work dues and contributions for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Those delinquent amounts include but may not be limited to the following:

| | |
|---|---|
| Remittance report form *shortages* (July 2020; Local 165): | $1.75 |
| Remittance report form *shortages* (August 2020; Local 727): | $997.06 |
| Remittance report form *shortages* (September 2020; Local 165): | $4.62 |
| **Total:** | **$1,003.43** |

16. Based on information provided by covered employees, PORTER BROTHERS CONSTRUCTION, INC. failed and refused to pay all work dues and contributions for the following months in accordance with the provisions of the collective bargaining agreements, participation

agreements, and trust agreements. Those delinquent amounts include but may not be limited to the following:

| | |
|---|---|
| Delinquent contributions (P. Dugal; 2/2020 – 3/2020; Local 727): | $1,913.07 |
| **Total:** | **$1,913.07** |

17. Based on employer reports, PORTER BROTHERS CONSTRUCTION, INC. initially failed and refused to pay when due all work dues and contributions in a timely manner for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements:

| | |
|---|---|
| Delinquent contribution payment (January 2021; Local 727): | $2,064.50 |
| Delinquent contribution payment (November 2020; Local 544): | $1,215.10 |
| Delinquent contribution payment (November 2020; Local 727): | $5,228.52 |
| Delinquent contribution payment (November 2020; Local 309): | $892.47 |
| Delinquent contribution payment (October 2020; Local 309): | $4,946.30 |
| Delinquent contribution payment (October 2020; Local 358): | $1,524.19 |
| Delinquent contribution payment (October 2020; Local 727): | $8,103.32 |
| Delinquent contribution payment (October 2020; Local 544): | $7,054.08 |
| Delinquent contribution payment (August 2020; Local 544): | $873.40 |
| Delinquent contribution payment (August 2020; Local 309): | $4,217.24 |
| Delinquent contribution payment (August 2020; Local 32): | $702.68 |
| Delinquent contribution payment (August 2020; Local 165): | $16,011.11 |
| Delinquent contribution payment (August 2020; Local 538): | $642.63 |
| Delinquent contribution payment (August 2020; Local 727): | $3,549.27 |
| Delinquent contribution payment (July 2020; Local 544): | $1,019.38 |
| Delinquent contribution payment (June 2020; Local 544): | $4,835.92 |
| Delinquent contribution payment (June 2020; Local 538): | $421.84 |
| Delinquent contribution payment (June 2020; Local 727): | $4,412.41 |
| Delinquent contribution payment (June 2020; Local 309): | $4,012.97 |

18. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

19. Because contributions were not paid when due, PORTER BROTHERS CONSTRUCTION, INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | | |
|---|---|---|
| Delinquent contributions (P. Dugal; 2/2020 – 3/2020; Local 727): | $191.31 | (see ¶ 16) |
| Delinquent contribution payment (January 2021; Local 727): | $206.45 | (see ¶ 17) |
| Delinquent contribution payment (November 2020; Local 544): | $121.51 | (see ¶ 17) |
| Delinquent contribution payment (November 2020; Local 727): | $522.85 | (see ¶ 17) |
| Delinquent contribution payment (November 2020; Local 309): | $89.25 | (see ¶ 17) |
| Delinquent contribution payment (October 2020; Local 309): | $494.63 | (see ¶ 17) |
| Delinquent contribution payment (October 2020; Local 358): | $152.42 | (see ¶ 17) |
| Delinquent contribution payment (October 2020; Local 727): | $810.33 | (see ¶ 17) |
| Delinquent contribution payment (October 2020; Local 544): | $705.41 | (see ¶ 17) |
| Delinquent contribution payment (August 2020; Local 544): | $87.34 | (see ¶ 17) |
| Delinquent contribution payment (August 2020; Local 309): | $421.72 | (see ¶ 17) |
| Delinquent contribution payment (August 2020; Local 32): | $70.27 | (see ¶ 17) |
| Delinquent contribution payment (August 2020; Local 165): | $1,601.11 | (see ¶ 17) |
| Delinquent contribution payment (August 2020; Local 538): | $64.26 | (see ¶ 17) |
| Delinquent contribution payment (August 2020; Local 727): | $354.93 | (see ¶ 17) |
| Delinquent contribution payment (July 2020; Local 544): | $101.94 | (see ¶ 17) |
| Delinquent contribution payment (June 2020; Local 544): | $483.59 | (see ¶ 17) |
| Delinquent contribution payment (June 2020; Local 538): | $42.18 | (see ¶ 17) |
| Delinquent contribution payment (June 2020; Local 727): | $441.24 | (see ¶ 17) |
| Delinquent contribution payment (June 2020; Local 309): | $401.30 | (see ¶ 17) |
| **Total:** | **$7,364.04** | |

20. The total amount owed by PORTER BROTHERS CONSTRUCTION, INC. to plaintiffs is not less than **$10,280.54**, consisting of not less than: $1,003.43 in report form shortages (delinquent fringe benefit contributions), $1,913.07 in delinquent fringe benefit contributions, and $7,364.04 in late payment penalties.

21. PORTER BROTHERS CONSTRUCTION, INC. has failed and refused to pay the amount of $10,280.54 known to be due to Plaintiffs.

22. Plaintiffs have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from PORTER BROTHERS CONSTRUCTION, INC.

23. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

24. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against PORTER BROTHERS CONSTRUCTION, INC. in favor of Plaintiffs.

B. Order PORTER BROTHERS CONSTRUCTION, INC. to pay Plaintiffs not less than $10,280.54.

C. Order PORTER BROTHERS CONSTRUCTION, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D. Order PORTER BROTHERS CONSTRUCTION, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

E. Grant Plaintiffs such other and further relief as may be just.

**COUNT II**
against
MATTHEW PORTER

1. – 24. Plaintiffs reallege paragraphs 1 – 24 of Count I.

25. This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

Breach of Contract / Trust Agreements

26. Plaintiffs are advised and believe that MATTHEW PORTER is the President, Secretary, Chief Executive Officer, and Chief Operating Officer of PORTER BROTHERS CONSTRUCTION, INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that MATTHEW PORTER is a director of PORTER BROTHERS CONSTRUCTION, INC.

27. Pursuant to the collective bargaining agreements and participation agreements to which PORTER BROTHERS CONSTRUCTION, INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

28. Pursuant to the trust agreements establishing the Plaintiff Funds, to which PORTER BROTHERS CONSTRUCTION, INC. and MATTHEW PORTER agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

29. Plaintiffs are informed and believe that MATTHEW PORTER did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making MATTHEW PORTER personally liable for the money owed to the Plaintiff Funds by PORTER BROTHERS CONSTRUCTION, INC.

Piercing the Corporate Veil

30. There is a unity of interest and ownership between PORTER BROTHERS CONSTRUCTION, INC. and MATTHEW PORTER such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making MATTHEW PORTER personally liable for the money owed to the Plaintiff Funds by PORTER BROTHERS CONSTRUCTION, INC.

Alter Ego and/or Single Employer

31. Upon information and belief, and at all times material to this complaint, PORTER BROTHERS CONSTRUCTION, INC. and MATTHEW PORTER have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

32. Based on their nature and activities as alleged the preceding two paragraphs, PORTER BROTHERS CONSTRUCTION, INC. and MATTHEW PORTER constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer. MATTHEW PORTER is therefore bound by the terms of the Memorandum of Agreement and the trust agreements, making him personally liable for the money owed to the Plaintiff Funds by PORTER BROTHERS CONSTRUCTION, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against MATTHEW PORTER in favor of Plaintiffs.

B. Order MATTHEW PORTER to pay Plaintiffs $10,280.54, plus any additional amount shown to be due.

C. Order MATTHEW PORTER to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D. Order MATTHEW PORTER to cause PORTER BROTHERS CONSTRUCTION, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

E. Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.

By: /s/ *Richard A. Toth*
One of their attorneys

GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Suite 400
Chicago, IL 60603-1903
(312) 726-8797

15561

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2016

**Section 12. Organizational Fund. The Employer agrees to make payments to and be bound by the Organizational Fund as listed in this Addendum per hour for each hour or portion thereof worked by an employee. Payments to the Organizational Fund shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. **MAKE ONE CHECK.**

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650. **MAKE ONE CHECK.**

SIGNED this 15th day of April, 2016 at Rockford, Illinois.

**FOR THE CONTRACTORS:**

[signature] 4/5/16
Glen L. Turpoff Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

**FOR THE UNION:**

Chas H Shempf 4-14-16
Charlie Shempf Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

**CONTRACTOR:**

NAME: Porter Brothers Asph. & T. Sealing Inc.

ADDRESS: 1106 Industrial Pk Dr.

ADDRESS: Beck Falls IL 61071

SIGNATURE: [signature] / Matthew Porter

DATE: 9-1-16

RECEIVED SEP 14 2016

**LOCAL UNION NO. 32**
Fortunato Salamone, Business Manager
7404 Cherryvale North Blvd.
Cherry Valley, Illinois 61016
Phone: (815) 873-8875
Fax: (815) 873-8972
laborers@local32.us

**LOCAL UNION NO. 727**
Ken Diehl, Business Manager
768 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318
local-727@comcast.net



